Gregory Peacock, Esq. (SBN 277669)
**LAW OFFICE OF GREGORY PEACOCK**
4425 Jamboree Road
Suite 130
Newport Beach, CA 92660
Telephone: (949) 292-7478
Email: gregorypeacockesq@gmail.com

Attorney for Plaintiff Mikayel Badalyan

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKAYEL BADALYAN, | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR DAMAGES FOR:** |
| | ) |
| vs. | ) |
| | ) 1. Violation Of 42 U.S.C. § 1983; Fourth |
| | )     Amendment Rights – False Arrest / |
| CITY OF GLENDALE; AUSTIN FORD; | )     Unreasonable Seizure of Person; |
| and DOES 1 through 10, inclusive, | ) 2. Violation Of 42 U.S.C. § 1983; First |
| | )     Amendment Rights – Freedom of |
| Defendants. | )     Speech; |
| | ) 3. Violation Of 42 U.S.C. § 1983;  Failure |
| | )     To Property Train / Hire / Fire / |
| | )     Discipline; |

4. False Arrest (California Law);
5. Violation Of Cal. Civil Code § 52.1;
6. Negligence (California Law).

### JURY TRIAL DEMANDED

**COMES NOW** Plaintiff Mikayel Badalyan and shows this honorable court the following:

COMPLAINT FOR DAMAGES
1

## JURISDICTIONAL ALLEGATIONS

1.      As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2.      As the incidents complained of in this action occurred within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

3.      As Plaintiff's claims brought under California state law arise out of the same transactions and occurrences, and out of a common nucleus of operative facts as the Plaintiff's federal question claims, this court has jurisdiction over the Plaintiff's California State law claims under its supplemental jurisdiction under 28 U.S.C. § 1367, and otherwise pursuant to *Mine Workers v. Gibbs*.

4.      Plaintiff timely submitted his Government Tort Claim for Damages. Plaintiff submitted his claim with defendant City of Glendale within six months of the incident complained of in this case. Plaintiff brings this action within six months of the date the claim was rejected by the City of Glendale.

## GENERAL ALLEGATIONS

5.      Plaintiff Mikayel Badalyan, hereinafter referred to as "BADALYAN" or "Plaintiff BADALYAN," is a natural person, who, at all times complained of in this action, resided in the County of Los Angeles.

6.      Defendant City of Glendale hereinafter also referred to as "CITY" is a

municipal entity located in the State of California; within the territorial jurisdiction of this court.

7.      Defendant Austin Ford, hereinafter also referred to as "FORD", is, and at all times complained of herein, was, a peace officer employed by the Glendale Police Department, acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with Defendant CITY.

8.      Defendants DOES 1 through 6, inclusive, are sworn peace officers and / or police officers and/or deputy sheriffs and/or investigators and/or Special Officers and/or a dispatchers and/or some other public officer, public official or employee of defendant CITY and/or otherwise employed by the Glendale Police Department, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiff for the acts complained of in this action, whose identities are, and remain unknown to plaintiff, who will amend his complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiff.

9.      At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or deputy sheriffs and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, employed

by the Glendale Police Department, and were acting in the course of and within the scope of their employment with defendant CITY.

10.     Defendants DOES 7 through 10, inclusive, are sworn peace officers and/or the Chief and/or Assistant Chiefs and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, employed by the Glendale Police Department and/or defendant City of Glendale, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiff in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the Glendale Police Department for, *inter alia*,: 1) unlawfully detaining / seizing / arresting person and 2) for covering up the tortious conduct of Glendale Police Department officers.

11.     At all times complained of herein, DOES 7 through 10, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as the Chief and/or the Assistant Chief and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy

making officials with the Glendale Police Department, and/or some other public official(s) with defendant CITY, and were acting in the course of and within the scope of their employment with defendant CITY.

12.   At all times complained of herein, defendants DOES 7 through 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described herein, above and below), and/or policy making peace officers, with the Glendale Police Department and/or otherwise with defendant CITY.

13.   In addition to the above and foregoing, Defendants FORD and DOES 1 through 6, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiff of his federal Constitutional and statutory rights, and California constitutional and statutory state law rights, as complained of in this action.

14.   Defendants FORD and DOES 1 through 6, inclusive, acted in joint and concerted action to deprive the plaintiff of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law and California (Constitutional and statutory) state law.

15.   Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation of the plaintiff's federal and state constitutional and statutory rights, as complained of herein.

**FIRST CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation of Fourth Amendment Rights –**
**Unlawful / Unreasonable Seizure of Person**
**(Against FORD and DOES 1 through 6, inclusive)**

16.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 15, inclusive, above, as if set forth in full herein.

17.     On February 23, 2020, BADALYAN was exiting a wedding reception in Glendale, California when he noticed a very intoxicated couple entering a vehicle and preparing to drive away.

18.     BADALYAN also noticed that Defendants FORD and DOES 1 through 6, inclusive, were watching the intoxicated couple enter their vehicle.

19.     FORD and DOES 1 through 6, inclusive, were waiting for the couple to operate the vehicle so that FORD and DOES 1 through 6, inclusive, could arrest the driver.

20.     BADALYAN approached the couple and informed them that they should not drive the vehicle because they were too intoxicated and pointed out that FORD and DOES 1 through 6, inclusive, were watching and waiting to arrest them.

21.     Ultimately the couple did not drive the vehicle.

22.     Frustrated that BADALYAN had spoiled their plan to arrest the couple, FORD and DOES 1 through 6, inclusive, approached BADALYAN. FORD and DOES 1 through 6, inclusive, were noticeably upset with BADALYAN.

23.     In retaliation to BADALYAN ruining their plans to arrest the couple, FORD and DOES 1 through 6, inclusive, arrested BADALYAN.

24.     FORD and DOES 1 through 6, inclusive, made a bogus claim that BADALYAN was in violation of California Penal Code § 647(f) (public intoxication.)

25.     No reasonable person would have believed that BADALYAN was unable to exercise care for his own safety or the safety of others or that he interfered with or obstructed or prevented the use of any street, sidewalk, or other public way.

26.     FORD and DOES 1 through 6, inclusive, then transported BADALYAN to the Glendale Police Station where he was booked and spent several hours before he was released.

27.     BADALYAN was never criminally prosecuted for anything related to this event.

28.     Defendants FORD and DOES 1 through 6, inclusive did not have probable cause or reasonable suspicion that BADALYAN had violated any public offense.

29.     As complained of herein above, Defendants FORD and DOES 1 through 6, inclusive, did not have a warrant for BADALYAN's arrest, nor probable cause to believe that BADALYAN had committed a crime, nor reasonable suspicion that BADALYAN was a danger to anyone or anything, nor even a reasonable suspicion of criminality afoot by BADALYAN.

30.     Accordingly, the seizure / detention / arrest of BADALYAN by Defendants FORD and DOES 1 through 6, inclusive, by use of force constituted an unlawful and unreasonable seizure of the Plaintiff, in violation of his rights under the Fourth Amendment to the United States Constitution.

31.     As a direct and proximate result of the actions of Defendants FORD and DOES 1 through 6, inclusive, as complained of herein, BADALYAN: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $750,000.00.

32.     The actions by said defendants were committed maliciously, oppressively and in reckless disregard of BADALYAN's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, in an amount to be proven at trial which is in excess of $250,000.00.

**SECOND CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation of First Amendment Rights - Freedom of Speech**
**(Against Defendants FORD and DOES 1 through 6, inclusive)**

33.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 32, inclusive, above, as if set forth in full herein.

34.     Moreover, the conduct of Defendant FORD and DOES 1 through 6, inclusive, violated BADALYAN's right to freedom of speech, specifically when FORD and DOES 1 through 6, inclusive retaliated against BADALYAN for alerting the

intoxicated couple that FORD and DOES 1 through 6, inclusive, were laying in wait to arrest them.

35.     A substantial or motivating factor in the decisions of the various defendants to take the adverse actions against plaintiff as complained of above and below, was Plaintiff's exercise of his right to freedom of speech under the First Amendment to the United States Constitution.

36.     Moreover, said defendants would not have taken said adverse actions against plaintiff, had plaintiff not exercised his right to freedom of speech under the First Amendment to the United States Constitution.

37.     The conduct of FORD and DOES 1 through 6, inclusive, would chill a person of ordinary firmness from continuing to engage in constitutionally protected activity.

38.     As a direct and proximate result of said adverse actions taken against said plaintiff by said defendants as described above, plaintiff suffered serious bodily injury, severe mental and emotional distress, medical and psychological costs and expenses, lost wages / profits, attorney's fees and other special damages; all in an amount to be proven at trial, in excess of $750,000.00.

39.     The actions of defendants and each of them, as complained of herein, were done maliciously and in reckless disregard of plaintiff's constitutional rights sufficient for

COMPLAINT FOR DAMAGES
9

an award of punitive / exemplary damages against said defendants, save defendant CITY, in an amount to be proven at trial, in excess of $2500,000.00.

## THIRD CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983
## FEDERAL CLAIM FOR FAILURE TO PROPERLY TRAIN AND FOR FAILURE TO PROPERLY HIRE / FIRE / DISCIPLINE
### (Against CITY)

40.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 39, inclusive, above, as if set forth in full herein.

41.     As complained of herein above, the acts of Defendants FORD and DOES 1 through 6, inclusive, deprived BADALYAN of his rights under the laws of the United States and The United States Constitution.

42.     The training policies of CITY were not adequate to train its peace officer employees to properly and lawfully handle situations similar to the one they were presented with when they confronted BADALYAN. Specifically, to recognize when someone is a intoxicated to the level that would be in violation of Penal Code § 647(f.)

43.     CITY was deliberately indifferent to the obvious consequences of its failure to train, discipline and/or terminate its peace officer employees adequately.

44.     The failure of CITY to provide adequate training, discipline and/or terminate its officers caused the deprivation of BADALYAN's rights by FORD and DOES 1 through 6, inclusive.

COMPLAINT FOR DAMAGES

45.     CITY's failure to train, discipline, and/or terminate is closely related to the deprivation of BADALYAN's rights as to be the moving force that ultimately caused BADALYAN's injuries.

46.     As a direct and proximate result of the actions of Defendants FORD and DOES 1 through 6, inclusive, as complained of herein, BADALYAN: 1) was substantially physically, mentally and emotionally injured; 2) suffered great mental and emotional pain, suffering and distress, 4) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $750,000.00.

**FOURTH CAUSE OF ACTION**
**False Arrest / False Imprisonment**
**Under California State Law**
**(Against All Defendants)**

47.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 46, inclusive, above, as if set forth in full herein.

48.     Defendants FORD and DOES 1 through 6, inclusive, did not have either reasonable suspicion of criminality afoot about plaintiff, or probable cause to believe that plaintiff had committed a crime.

49.     Defendants FORD and DOES 1 through 6, inclusive, detained, restrained, arrested and brutalized plaintiff, and deprived plaintiff of his liberty.

50.     Defendants FORD and DOES 1 through 6, inclusive, intentionally deprived plaintiff of his freedom of movement by use of physical force and violence.

COMPLAINT FOR DAMAGES

51.     Plaintiff did not consent to said deprivation of his freedom of movement by Defendants FORD and DOES 1 through 6, inclusive, or to the use of force and violence upon her.

52.     Plaintiff suffered harm / injuries / damages because of said deprivation of his freedom of movement by Defendants FORD and DOES 1 through 6, inclusive.

53.     The actions committed by Defendants FORD and DOES 1 through 6, inclusive, as complained of herein, constituted a false arrest / false imprisonment of plaintiff under California state law.

54.     Defendants FORD and DOES 1 through 6, inclusive, are liable to plaintiff for said false arrest / false imprisonment, pursuant to Cal. Gov't Code §§ 815.2(a), 815.6, 820, 820.2, 820.4, 820.8, and otherwise pursuant to the common-law.

55.     The actions committed by Defendants FORD and DOES 1 through 6, inclusive, as complained of herein, proximately caused plaintiff to suffer substantial physical injuries, severe mental and emotional distress and suffering, medical / psychological bills, costs and expenses, and other costs and expenses, in an amount to be proven at trial which is in excess of $750,000.00.

56.     The actions of Defendants FORD and DOES 1 through 6, inclusive, were committed maliciously, oppressively and constituted despicable conduct, sufficient for an award of punitive / exemplary damages, save CITY, in an amount to be proven at trial which is in excess of $750,000.00.

COMPLAINT FOR DAMAGES

12

### FIFTH CAUSE OF ACTION
**Violation of Cal. Civil Code § 52.1**
**Under California State Law**
**(Against All Defendants)**

57.     Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 56, inclusive, above, as if set forth in full herein.

58.     The actions of Defendants FORD and DOES 1 through 6, inclusive, as complained of herein, interfered with, and/or attempted to interfere with, by use of threats, intimidation, and coercion, the exercise or enjoyment by plaintiff of the rights secured to him by the Constitution and laws of the United States, and of the rights secured to them by the California Constitution and otherwise by California law, in violation of California Civil Code §52.1.

59.     Defendants FORD and DOES 1 through 6, inclusive, are liable to plaintiff for said violations of their federal and California state constitutional rights, pursuant to California Civil Code §52.1, and California Government Code §§ 815, 815.2(a), 815.6, 820, 820.4 and 820.8.

60.     As a direct and proximate result of the actions of Defendants FORD and DOES 1 through 6, inclusive, as complained of herein, plaintiff: 1) was substantially physically, mentally and emotionally injured, and endured great physical, mental and emotional pain and suffering; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial, in excess of $750,000.00.

COMPLAINT FOR DAMAGES

61.     The actions of Defendants FORD and DOES 1 through 6, inclusive, as complained of herein, were committed maliciously, oppressively and/or in reckless disregard of Plaintiff's constitutional rights sufficient for an award of punitive / exemplary damages against DOES 1 through 6, inclusive, in an amount to be proven at trial, in excess of $250,000.00.

62.     In addition, as a result of the actions of Defendants FORD and DOES 1 through 6, inclusive, as complained of herein, constituted a violation of California Civil Code § 52.1, and, therefore, plaintiffs is entitled to an award of treble compensatory damages and attorney fees against all defendants, and each of them.

### SIXTH CAUSE OF ACTION
**Negligence**
**Under California State Law**
**(Against all Defendants)**

63.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 62, inclusive, above, as if set forth in full herein.

64.     The actions committed by Defendants FORD and DOES 1 through 6, inclusive, as complained of herein and as described above, also constituted a breach of defendants' duty to use due care toward plaintiff.

65.     Defendants FORD and DOES 1 through 6, inclusive, are liable to plaintiff for his injuries and damages pursuant to Cal. Civil Code § 1714, and pursuant to Cal. Gov't Code §§ 815.2(a), 815.6, 820, 820.8, and otherwise pursuant to the common law.

COMPLAINT FOR DAMAGES
14

66.     As a direct and proximate result of the actions committed by Defendants FORD and DOES 1 through 6, inclusive, as complained of herein, plaintiff: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial, which is in excess of $750,000.00.

**WHEREFORE**, plaintiff prays for judgment as follows:

a)  For a judgment against all defendants for compensatory damages in an amount in excess of $750,000.00;

b)  For a judgment against all defendants, save defendant CITY, for punitive damages in an amount in excess of $250,000.00;

c)  For an award of reasonable attorney's fees and costs;

d)  For a trial by jury; and

e)  For such other and further relief as this honorable court deems just and equitable.

_____*/S/ Gregory Peacock*_____ _
GREGORY PEACOCK

COMPLAINT FOR DAMAGES